1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    RESHA DELORES OSTER
6



E-filing

ADR

**Filed**

AUG − 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8            IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
                 SAN JOSE DIVISION

10  RESHA DELORES OSTER,                    Case No. **CV 12 − 0 4 1 3 5**

11                        Plaintiff,        **COMPLAINT**

12        v.                                **DEMAND FOR JURY TRIAL**

13  P.T.S. CAPITAL, INC., D/B/A ASSET       15 United States Code § 1692 *et seq.*
    RECOVERY SOLUTIONS, a Nevada            California Civil Code § 1788 *et seq.*
14  corporation; and JAMES SPENCER          Invasion of Privacy
    CHALMERS, A/K/A AGENT WALTON,           Neg. Infliction of Emotional Distress
15  individually and in his official capacity,   Negligent Collection
                                            Negligent Training
16                        Defendants.       Negligent Supervision
                                            Tort-in-se
17

18

19        Plaintiff, RESHA DELORES OSTER (hereinafter "Plaintiff"), based on information and belief

20  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

21  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

22                              **I. INTRODUCTION**

23        1.    This is an action for actual damages, statutory damages, punitive damages, attorney

24  fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection

25  Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from

26  engaging in abusive, deceptive and unfair practices.  Defendants engaged in unlawful acts, and abusive
27

28

and intrusive practices in connection with an attempt to collect a debt.

2.    Plaintiff suffered emotional distress as a direct and proximate result of Defendants' unlawful acts, including, anxiety, embarrassment, humiliation, anger, fear, worry, sleeplessness.

3.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.    Plaintiff seeks actual damages, statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and

1   unfair practices.  The California Legislature has found that:

2   
3
> The banking and credit system and grantors of credit to consumers are
> dependent upon the collection of just and owing debts.  Unfair or
> deceptive collection practices undermine the public confidence which is
> essential to the continued functioning of the banking and credit system
> and sound extensions of credit to consumers.[1]

4

5

6   5.    Plaintiff also seeks actual damages and punitive damages for Defendants' invasion

7   of her privacy by intrusion upon seclusion and for Defendants' negligent collection practices.

8   ## II. JURISDICTION

9   6.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

10   supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory

11   relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

12   
13   7.    This action arises out of Defendants' violations of the Fair Debt Collection

14   Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

15   ## III. VENUE

16   8.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a
17
18   substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

19   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

20   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

21   judicial district.

22   ## IV. INTRADISTRICT ASSIGNMENT
23
24   9.    This lawsuit should be assigned to the San Jose Division of this Court because a

25   substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

26   County.

27   / / /

28   _____
[1] Cal. Civil Code § 1788.1(a)(1).

## V.  PARTIES

10.    Plaintiff, RESHA DELORES OSTER (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

11.    Defendant, P.T.S. CAPITAL, INC., D/B/A ASSET RECOVERY SOLUTIONS (hereinafter "PTS"), is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at:  202 North Curry Street, Suite 100, Carson City, Nevada 89703-4142.  PTS may be served as follows:  P.T.S. Capital, Inc., c/o James Spencer Chalmers, Agent for Service of Process, 710 East McGlincy Lane, Suite 112, Campbell, California  95008.  The principal business of PTS is the collection of debts using the mails and telephone, and PTS regularly attempts to collect debts alleged to be due another.  PTS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12.    Defendant, JAMES SPENCER CHALMERS, A/K/A AGENT WALTON (hereinafter "CHALMERS"), is a natural person and is or was an employee, agent, officer and/or director of PTS at all relevant times.  CHALMERS may be served at his current business address at:  James Spencer Chalmers, P.T.S. Capital, Inc., 710 East McGlincy Lane, Suite 112, Campbell, California  95008.  The principal purpose of CHALMERS' business is the collection consumer debts due or alleged to be due another.  CHALMERS is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet.  CHALMERS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that CHALMERS is liable for the acts of PTS because he sets and approves PTS collection policies, practices, procedures and he directed and participated the unlawful activities described herein.

13.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.   Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

14.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a purchase-money residential mortgage loan (hereinafter "the alleged debt").   The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16.    Thereafter, Defendants began a campaign of harassment, intimidation and third-party disclosure in an attempt to embarrass, shame and humiliate Plaintiff.

17.    On or about August 5, 2011, Defendants placed a bright orange door hanger card on the door of Plaintiff's apartment.

18.    A true and accurate copy of the door hanger card placed by Defendants on Plaintiff's door is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19.    The door hanger card (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

20.    Plaintiff is informed and believes, and thereon alleges that Defendants placed the

door hanger card (Exhibit "1") on her door on or about August 5, 2011.

21. The door hanger card (Exhibit "1") was placed where it could be seen by anyone who passed by the apartment door.

22. The door hanger card (Exhibit "1") was designed to instill a false sense of urgency in the reader.

23. The door hanger card (Exhibit "1") falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

24. The door hanger card (Exhibit "1") represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

25. The door hanger card (Exhibit "1") falsely represented the character and legal status of the alleged debt.

26. On information and belief, Defendants have a pattern, and practice of abusive and unlawful collection practices similar to the above.

27. As a consequence of Defendants' collection activities and communications, Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff brings the first claim for relief against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

29. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

30. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

1692a(3).

31.     Defendant, PTS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32.     Defendant, CHALMERS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34.     Defendants' door hanger card (Exhibit "1") violated the FDCPA.  The violations include, but are not limited to, the following:

a.     Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

b.     Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

c.     Defendants' use of a door hanger card in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

d.     Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10);

e.     Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

f.     Defendants falsely represented or implied that their communications were

from a law enforcement agency, in violation of 15 U.S.C. §§ 1692e(1), 1692e(4), 1692e(7), 1692e(9) and 1692e(10);

g.   Defendants designed their door hanger message to instill a false sense of urgency in the reader, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

h.   Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

i.   Defendants used false, deceptive or misleading representations in an attempt to collect of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

j.   Defendants used false, deceptive or misleading representations in an attempt to obtain information concerning the Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

k.   Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11);

l.   Defendants communicated with Plaintiff regarding a consumer debt by means of a door hanger card, in violation of 15 U.S.C. § 1692f(7).

35.   Defendants have further violated the FDCPA in the following respects:

a.   Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of 15 U.S.C. § 1692g(a)(1);

b.   Defendants failed to send Plaintiff a written notice containing a statement of the name of the current creditor to whom the alleged debt is owed, in violation of 15 U.S.C. § 1692g(a)(2);

c.   Defendants failed to send Plaintiff a written notice containing a statement

that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of 15 U.S.C. § 1692g(a)(3);

        d.    Defendants failed to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

        e.    Defendants failed to send Plaintiff a written notice containing a statement that upon the Plaintiff's written request, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

    36.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

    37.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

    38.    Plaintiff brings the second claim for relief against all Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

    39.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

    40.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

1    1788.2(h).

2        41.    Defendant, PTC, is a "debt collector" as that term is defined by the RFDCPA, Cal.

3    Civil Code § 1788.2(c).

4

5        42.    Defendant, CHALMERS, is a "debt collector" as that term is defined by the

6    RFDCPA, Cal. Civil Code § 1788.2(c).

7        43.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as

8    that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

9        44.    Defendants' door hanger card (Exhibit "1") violated the RFDCPA.  The violations

10   include, but are not limited to, the following:

11

12           a.    Defendants communicated with third parties, in violation of Cal. Civil Code

13       § 1788.17;[2]

14           b.    Defendants communicated with third parties in connection with the

15       collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a

16       court of competent jurisdiction, in violation of Cal. Civil Code § 1788.17;[3]

17

18           c.    Defendants' use of a door hanger card in connection with the collection of a

19       debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse

20       Plaintiff, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[4]

21           d.    Defendants falsely represented threats of a pending or imminent lawsuit

22       with the intent to annoy, harass and abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.13(j)

23       and 1788.17;[5]

24

25           e.    Defendants falsely represented the character and legal status of the alleged

26

27   [2] 15 U.S.C. § 1692b.
     [3] 15 U.S.C. § 1692c(b).
28   [4] 15 U.S.C. § 1692d.
     [5] 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

debt, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[6]

f.    Defendants falsely represented or implied that their communications were from a law enforcement agency, in violation of Cal. Civil Code §§ 1788.10(b), 1788.10(e), 1788.13(a), 1788.13(d), 1788.13(h), 1788.16 and 1788.17;[7]

g.    Defendants designed their door hanger message to instill a false sense of urgency in the reader, in violation of Cal. Civil Code §§ 1788.13(d), 1788.13(h), 1788.16 and 1788.17;[8]

h.    Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[9]

i.    Defendants used false, deceptive or misleading representations in an attempt to collect of the alleged debt, in violation of Cal. Civil Code § 1788.17;[10]

j.    Defendants used false, deceptive or misleading representations in an attempt to obtain information concerning the Plaintiff, in violation of Cal. Civil Code § 1788.17;[11]

k.    Defendants failed to disclose that the communications were from a debt collector, in violation of Cal. Civil Code § 1788.17;[12]

l.    Defendants communicated with Plaintiff regarding a consumer debt by means of a door hanger card, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17.[13]

45.    Defendants have further violated the RFDCPA in the following respects:

---

[6]  15 U.S.C. § 1692e(2)(A).
[7]  15 U.S.C. §§ 1692e(1), 1692e(4), 1692e(7), 1692e(9) and 1692e(10).
[8]  15 U.S.C. §§ 1692e and 1692e(10).
[9]  15 U.S.C. § 1692e(5).
[10]  15 U.S.C. §§ 1692e and 1692e(10).
[11]  15 U.S.C. §§ 1692e and 1692e(10).
[12]  15 U.S.C. § 1692e(11).
[13]  15 U.S.C. § 1692f(7).

a.   Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of Cal. Civil Code § 1788.17;[14]

b.   Defendants failed to send Plaintiff a written notice containing a statement of the name of the current creditor to whom the alleged debt is owed, in violation of Cal. Civil Code § 1788.17;[15]

c.   Defendants failed to send Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of Cal. Civil Code § 1788.17;[16]

d.   Defendants failed to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Cal. Civil Code § 1788.17;[17] and

e.   Defendants failed to send Plaintiff a written notice containing a statement that upon the Plaintiff's written request, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[18]

46.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

---

[14] 15 U.S.C. § 1692g(a)(1).
[15] 15 U.S.C. § 1692g(a)(2).
[16] 15 U.S.C. § 1692g(a)(3).
[17] 15 U.S.C. § 1692g(a)(4).
[18] 15 U.S.C. § 1692g(a)(5).

47.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

48.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

49.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[19]

50.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[20]

51.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

52.   Plaintiff brings the third claim for relief against all Defendants for common law Invasion of Privacy by Intrusion Upon Seclusion.

53.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

54.   Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and private concerns or affairs.

---

[19]  15 U.S.C.§ 1692k(a)(2)(A).
[20]  15 U.S.C.§ 1692k(a)(3).

55.   Defendants intentionally intruded and invaded into Plaintiff's private affairs by:

a.   communicating with third-parties;

b.   falsely representing or implying that communication were from a law enforcement agency; and

c.   communicating with Plaintiff by means of a door hanger card.

56.   Defendants' intrusions and invasions of Plaintiff's privacy were done in an attempt to embarrass, shame and humiliate Plaintiff into paying the alleged debt.

57.   These intrusions and invasions of Plaintiff's privacy by Defendants occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

58.   Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

59.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

60.   Plaintiff has been harmed by Defendants' invasion of privacy and has been damaged as a result of the invasion of privacy by Defendants, including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, lack of concentration, anxiety and embarrassment by such invasions of her privacy by these Defendants.

61.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

62.   Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.   Plaintiff brings the fourth claim for relief against all Defendants for common law negligent infliction of emotional distress.

64.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

65.   Defendants had a legal duty to conform their collection activities to the standard of conduct set forth in the FDCPA and RFDCPA to protect consumers like Plaintiff.

66.   Defendants failed to conform their collection activities to this standard of conduct.

67.   Defendants' failure to conform their collection activities to the standards set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff.

68.   Plaintiff suffered serious emotional distress as a result of Defendants' unlawful collection activities including, but not limited to, mental suffering, anguish, fright, nervousness, anxiety, worry, humiliation and shame.  The emotional distress suffered by Plaintiff was such that an ordinary, reasonable person would be unable to cope with it.

69.   As a result of such negligent infliction of emotional distress, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

70.   Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT COLLECTION

71.   Plaintiff brings the fifth claim for relief against all Defendants for common law negligence.

72.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

73.     Defendants had a legal duty to conform their collection activities to the standard of conduct set forth in the FDCPA and RFDCPA to protect consumers like Plaintiff.

74.     Defendants failed to conform their collection activities to this standard of conduct.

75.     Defendants' failure to conform their collection activities to the standards set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff.

76.     Plaintiff was damaged by Defendants' unlawful collection activities.

77.     As a result of such negligent collection, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

78.     Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT TRAINING

79.     Plaintiff brings the sixth claim for relief against all Defendants for common law negligent training.

80.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

81.     Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.  These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.

82.     Defendants breached their duty to Plaintiff by failing to train their employees and agents adequately to conduct themselves within the law and by allowing their employees and agents to operate without such adequate training.  Moreover, Defendants' conduct fell below the standard of care as they trained and/or actively encouraged their employees and agents to act in violation of applicable laws, rules, and/or regulations and professional industry-wide best practices standards.  Defendants failed to take reasonable steps to protect Plaintiff, even though they knew or had reason to know that their failure to adequately train their employees and/or agents would result in harm to Plaintiff.

83.     As a result of Defendants' negligent training of their agents and employees, Plaintiff has sustained damages in an amount to be proven at trial.

84.     Defendants' conduct as alleged herein was a substantial factor in causing the damages sustained by Plaintiff, and as a direct, proximate and legal result of the above alleged negligent training, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, including, but not limited to, damages for loss of property and money, and damages for emotional distress.

85.     Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT SUPERVISION

86.     Plaintiff brings the seventh claim for relief against all Defendants for common law negligent supervision.

87.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

88.     Defendants owed Plaintiff a duty of reasonable care that required Defendants to supervise and ensure that their employees and agents complied with all applicable laws, rules and regulations and in accordance with professional, industry-wide best practices standards. These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff. Defendants knew or had reason to know that their employees and agents posed a reasonably foreseeable threat to Plaintiff absent adequate supervision, control or regulation.

89.     Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents to preclude them from engaging in the unlawful conduct described herein, or otherwise to take reasonable steps to protect Plaintiff.

90.     As a result of Defendants' negligent supervision of their agents and employees, Plaintiff has sustained damages in an amount to be proven at trial.

91.     Defendants' conduct as alleged herein was a substantial factor in causing the damages sustained by Plaintiff, and as a direct, proximate and legal result of the above alleged negligent supervision, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, including, but not limited to, damages for loss of property and money, and damages for emotional distress.

92.     Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

**TORT-IN-SE**

93.     Plaintiff brings the eighth claim for relief against all Defendants for common law tort-in-se.

94.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

95.     Defendants violated a statutory duty to Plaintiff and are thereby liable under the doctrine of "tort-in-se."

96.     Defendants engaged in an unlawful course of conduct in violation of the FDCPA and RFDCPA.

97.     Plaintiff was damaged by Defendants' breach of their statutory duties.

98.     As a result of such statutory breach, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

99.     Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## PUNITIVE DAMAGES

100.    Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff.

101.    Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

102.    Defendants are liable for reasonable punitive damages in an amount sufficient to punish and educate Defendants and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

/ / /

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692e, 1692e(1), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692f(7), 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.10 (b), 1788.10(e), 1788.12(d), 1788.13(a), 1788.13(d), 1788.13(j), 1788.13(h), 1788.16 and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[21]

h)  Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

i)  Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent infliction of emotional distress;

j)  Award Plaintiff actual damages and punitive damages in an amount to be determined at

---

[21] 15 U.S.C. § 1692k(a)(2)(A).

trial for Defendants' negligent collection practices;

k)  Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent training;

l)  Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent supervision;

m)  Award Plaintiff actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se";

n)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[22] and 1788.30(c); and

o)  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RESHA DELORES OSTER

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[22]  15 U.S.C. § 1692k(a)(3).

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RESHA DELORES OSTER, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.



**ARS**

Case # 3415062

Contact # 408 377 8900

Please Contact us regarding a pending investigation

Agent Walton

2pm 6/5/2011

RA 1391 & RA 1633



EXHIBIT

1